Joy Kern **BARNEY**, Plaintiff–Appellant,

and

Carl W. **Vilbrandt**; Constance J. **Vilbrandt**, Plaintiffs,

v.

**CITY OF EUGENE**, Defendant,

and

Leonard **Cooke**; Jim **Hill**; Becky **Hanson**; Dave **Poppe**; Rex **Barrong**; Rich **Stronach**; Casey **Froelich**, Defendants–Appellees.

No. 00–35895.

D.C. No. CV–99–6119–TMC.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 10, 2001 *.

Decided Sept. 26, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before THOMPSON, TASHIMA, and GRABER, Circuit Judges.

### MEMORANDUM**

 Joy Kern Barney ("Barney") appeals the district court's grant of summary judgment in favor of several individual police officers and the City of Eugene on the basis of qualified immunity in her action brought under 42 U.S.C. § 1983. She contends that the deployment of tear gas at a protest violated her First Amendment rights of free speech and assembly because she was merely a peaceful protestor. The district court found no basis to support a First Amendment violation and granted summary judgment in favor of the individual defendants and the City of Eugene.[1] We have jurisdiction pursuant to pursuant to 28 U.S.C. §§ 636(c)(3) and 1291, and we affirm.

We review the district court's decision to grant summary judgment on the ground of

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. Appellant contends, in part, that the alleged violation is an impermissible content-neutral time, place, and manner restriction. That analytical framework, however, is inappropriate here, because there was no prior restraint and the basis for the violation is the discretionary acts of the police. *See, e.g., United States v. Baugh,* 187 F.3d 1037, 1042 (9th Cir.1999) ("However, even prior restraints may be imposed if they amount to reasonable time, place, and manner restrictions on speech.").

qualified immunity de novo. *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1157 (9th Cir.2000). Viewing the evidence in the light most favorable to the non-moving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the substantive law. *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc).

As the Supreme Court has recently articulated in *Saucier v. Katz,* 533 U.S.194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), "[i]n a suit against an officer for an alleged violation of a constitutional right, the requisites of a qualified immunity defense must be considered in proper sequence." *Id.* at 2155. The "threshold question" is whether, "[t]aken in the light most favorable to the party asserting the injury, ... the facts alleged show the officer's conduct violated a constitutional right[.]" *Id.* at 2156. Only if a violation can be made out on a favorable view of the parties' submissions should the court proceed to the second step of asking whether the right was clearly established. *Id.* Because appellant has not alleged facts sufficient to establish a violation of her constitutional rights under the First Amendment, the district court did not err in granting summary judgment.

There is no question that Barney was engaged in constitutionally-protected conduct. "Activities such as demonstrations, protest marches, and picketing are clearly protected by the First Amendment." *Collins v. Jordan,* 110 F.3d 1363, 1371 (9th Cir.1996). Furthermore, "[i]t has been clearly established since time immemorial that city streets and sidewalks are public fora." *Id.* The key question, however, is whether the facts show a violation of her constitutional rights. "In order to demonstrate a First Amendment violation, a plaintiff must provide evidence showing that 'by his actions [the defen-

dant] deterred or chilled [the plaintiff's] political speech and such deterrence was a substantial or motivating factor in [the defendant's] conduct.'" *Mendocino Envtl. Ctr. v. Mendocino County,* 192 F.3d 1283, 1300 (9th Cir.1999) (alterations in the original) (quoting *Sloman v. Tadlock,* 21 F.3d 1462, 1469 (9th Cir.1994)). In other words, to establish a constitutional violation, Barney must demonstrate that the defendants intended to interfere with her First Amendment rights. *Id.* Besides bare conclusory allegations, she offers nothing that creates a genuine issue for trial that deterrence or chilling of First Amendment activity was a substantial and motivating factor for the defendants' conduct.

Indeed, the only facts presented suggest otherwise. In particular, Barney concedes that the deployment of tear gas did not raise an issue of excessive force under the circumstances. The protesters were allowed to conduct their activities peacefully for several hours before the crowd refused to move back when ordered to do so for their safety. Violence then erupted and the protesters were allowed to remain after the situation settled. The protesters were warned repeatedly to clear the street or tear gas would be deployed, and there is no dispute that a small group of the crowd became violent. The tear gas was used in response to these conditions. Thus, Barney has provided no basis to create a material issue of fact that her exposure to tear gas and any effect on her First Amendment activities were anything other than the unintended consequence of an otherwise constitutional use of force under the circumstances.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.